UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. HALL, | : | **CIVIL NO. 1:07-CV-0736** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## <u>REPORT AND RECOMMENDATION</u>

I. Background and Procedural History.

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action under the Federal Tort Claims Act by filing a complaint in the United States Court of Federal Claims.  The case was transferred to this court.

The plaintiff alleges the following in his complaint. On April 29, 2005, the plaintiff was placed in the Special Housing Unit (SHU) at the United States Penitentiary at Canaan (USP-Canaan) for violations of the rules of the Bureau of Prisons (BOP).  On May 6, 2005, he was found guilty of the

rule violations and he was recommended for a disciplinary

transfer.  However, the disciplinary transfer was denied by

the Northeast Region of the BOP.  The disciplinary transfer

was denied based on a new policy requiring that inmates who

are awaiting transfers must remain in post-disciplinary

administrative detention with a clear conduct record for ten

months prior to being transferred.  The plaintiff remained in

the SHU until January 5, 2006.


        The plaintiff alleges that his prolonged confinement in

the SHU caused him emotional distress and that due to a lack

of medical staff he suffered a number of health issues.


        The plaintiff claims the new policy requiring post-

disciplinary administrative detention with a clear conduct

record prior to a transfer is inconsistent with established

regulations of the BOP regarding administrative detention and

disciplinary transfers and that the BOP violated the notice

and comment requirement of the Administrative Procedures Act[1]

1.  In his complaint, the plaintiff states that he is not
brining a claim under the Administrative Procedures Act.
                                        (continued...)

2

in enacting the new policy.  The plaintiff claims that the BOP was negligent in enacting the policy change and that he was denied due process in connection with his confinement in the SHU.

A case management order was filed on August 13, 2007, setting forth *inter alia* a discovery deadline of February 9, 2008.

On September 11, 2007, the defendant filed a motion to dismiss the complaint or, in the alternative, for summary judgment.  On September 25, 2007, the defendant filed a statement of material facts and a brief in support of its motion.

On October 26, 2007, the plaintiff filed an affidavit pursuant to Fed.R.Civ.P. 56(f) requesting that the defendant's motion for summary judgment be stayed while he conducts

1.  (...continued)
Rather, he asserts that the alleged violation of the Administrative Procedures Act is some evidence of the negligence of the defendant.

discovery.  On November 1, 2007, the defendant filed a brief
in opposition to the plaintiff's Rule 56(f) affidavit.

On December 10, 2007, the plaintiff filed a brief in
opposition to the defendant's motion for summary judgment.  On
December 18, 2007, the defendant filed a reply brief.

II.  Plaintiff's Rule 56(f) Affidavit.

In his Fed.R.Civ.P. 56(f) affidavit, the plaintiff
states that the defendant's motion to dismiss or for summary
judgment was filed prematurely as he has not had an
opportunity to conduct discovery on certain critical matters.
He asserts that he will be seeking discovery regarding "BOP
Memos, Internal Memorandums, Operation Memos, Notices of
Changed Rules or Regulations, Proposed Regulations, Interim
Regulation[s], Etc." *Doc. 23* at ¶8.  The plaintiff asserts
that this discovery will assist him in showing that there are
material issues of fact in dispute and that he has stated a
claim upon which relief can be granted.  He states that he has
not previously sought discovery because he is proceeding *pro*

*se*, has limited access to the law library, has no access to

modern legal research and is pursuing two other cases.


Federal Rule of Civil Procedure 56(f) provides:


> If a party opposing the motion shows by
> affidavit that, for specified reasons, it cannot
> present facts essential to justify its
> opposition, the court may:
>     (1) deny the motion;
>     (2) order a continuance to enable
>     affidavits to be obtained, depositions to
>     be taken, or other discovery to be
>     undertaken; or
>     (3) issue any other just order.


A Rule 56(f) affidavit or motion must identify with

specificity what particular information is sought; how, if

uncovered, it would preclude summary judgment; and why it has

not previously been obtained. *St. Surin v. Virgin Islands

Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994).


As indicated below, the plaintiff's claim is not a

cognizable claim under the Federal Tort Claims Act.  We

conclude that no discovery would change that result.

Accordingly, there is no reason to stay the defendant's motion

5

for summary judgment on the basis of the plaintiff's Rule 56(f) affidavit.

III. Summary Judgment Standard.

Because the defendant has submitted documents outside the pleadings, we will address the defendant's motion as a motion for summary judgment.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of fact is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Kaucher v. County of Bucks,* 455 F.3d 418, 433 (3d Cir. 2006). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists,

6

the court "should view the facts in the light most favorable
to the non-moving party and draw all reasonable inferences in
that party's favor." *McCabe v. Ernst & Young, LLP*, 494 F.3d
418, 424 (3d Cir. 2007).

IV. Discussion.

The following facts are not in dispute for purposes of
the defendant's motion for summary judgment.

On April 19, 2005, the plaintiff was placed in the SHU
for committing the prohibited act of attempting to engage in a
group demonstration during the noon meal. *Defendant's
Statement of Material Facts in Support of Motion for Summary
Judgment* at ¶1.  On May 6, 2005, the Disciplinary Hearing
Officer *inter alia* restricted the plaintiff to disciplinary
segregation for thirty days and recommended that the plaintiff
be transferred to a higher-security institution. *Id.* at ¶2.

On June 15, 2005, while still housed in the SHU, the plaintiff received another fourteen-day restriction to disciplinary segregation for being insolent to a staff member. *Id.* at ¶3.  The plaintiff subsequently received an additional 21 days in disciplinary segregation for repeatedly pressing the duress alarm in his cell and then telling the responding officer to "go fuck yourself." *Id.* at ¶¶5 & 6.

On September 7, 2005, the plaintiff was insolent and refused an order of a staff member, and, as a result, he was sanctioned with seven more days in disciplinary segregation. *Id.* at ¶¶7 &8.  On September 24, 2005, the plaintiff was again insolent to a staff member and received an additional disciplinary sanction of seven days. *Id.* at ¶9.

Although the plaintiff was moved from administrative detention to disciplinary segregation within the SHU several times, he was restricted to the SHU from April 29, 2005 until he was transferred to another prison on January 5, 2006. *Id.* at ¶10.

8

This is a Federal Tort Claims Act (FTCA) case.

"The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2004)(quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).  Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. *United States v. Muniz*, 374 U.S. 150 (1963).

9

The plaintiff claims that he was denied due process in connection with his confinement in the SHU.  However, "the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations." *Couden v. Duffy,* 446 F.3d 483, 499 (3d Cir. 2006).  *See also FDIC v. Meyer,* 510 U.S. 471, 478 (1994)(stating that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").

To the extent that the plaintiff's claim is interpreted as a claim for false imprisonment, that claim is exempted from the coverage of the FTCA by 28 U.S.C. § 2680(h).

28 U.S.C. § 2680(h) provides:

The provisions of this chapter and section 1346(b) of this title shall not apply to -
. . .
(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States

10

> Government, the provisions of this chapter
> and section 1346(b) of this title shall
> apply to any claim arising, on or after the
> date of the enactment of this proviso, out
> of assault, battery, false imprisonment,
> false arrest, abuse of process, or
> malicious prosecution.  For the purposes of
> this subsection, "investigative or law
> enforcement officer" means any officer of
> the United States who is empowered by law
> to execute searches, to seize evidence, or
> to make arrests for violations of Federal
> law.

28 U.S.C. § 2680(h) provides that under the FTCA the United States is generally not liable for intentional torts of its employees except for certain intentional torts committed by investigative or law enforcement officers.  The United States Court of Appeals for the Third Circuit has held that 28 U.S.C. § 2680(h) renders the United States liable for intentional torts of investigative and law enforcement officers only if the intentional tort occurs during the course of a search, a seizure or an arrest. *Pooler v. United States*, 787 F.2d 868, 872 (3d Cir. 1986).  Furthermore, the seizure indicated by the Third Circuit in *Pooler* is limited to a seizure of evidence. *McKinney v. United States,* No. Civ. 4:CV-

11

03-441, 2005 WL 2335318 at *4 (M.D.Pa. Sept. 23, 2005)(McClure, J.).

The plaintiff has not established or alleged that his confinement in the SHU was in connection with a search, a seizure of evidence or an arrest.  Accordingly, pursuant to 28 U.S.C. § 2680(h), to the extent that the plaintiff's claim is construed as a false imprisonment claim, such a claim is not cognizable under the FTCA.

Although the plaintiff uses the word "negligence", plaintiff's placement and confinement in the SHU was intentional.  The plaintiff has not stated a negligence claim upon which relief can be granted.[2]

---

2.   Also although the plaintiff alleges that due to a lack of medical staff he suffered a number of health issues while confined in the SHU, we do not construe the complaint as raising a claim based on the denial of medical treatment.  We note that the plaintiff has another FTCA case in this court in which he claims that he was denied medical/dental treatment while at USP-Canaan. *See Hall v. United States,* 1:06-CV-01627 (M.D.Pa.).

12

V. Recommendations.


Based on the foregoing, it is recommended that the defendant's motion (doc. 16) to dismiss or for summary judgment be granted, that the defendant be granted summary judgment and that the case file be closed.


**/s/ J. Andrew Smyser**
J. Andrew Smyser
Magistrate Judge


Dated:  January 3, 2008.