IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. HALL,** | : CIVIL NO. 1:CV-07-0736 |
| **Plaintiff** | : |
| v. | : |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant** | : |

## MEMORANDUM AND ORDER

Before the court is a report and recommendation of the magistrate judge in which he recommends that Defendant's motion for summary judgment be granted. Plaintiff has filed objections to the report and recommendation to which Defendant responded. The matter is ripe for consideration.

Plaintiff, a federal prisoner, commenced this action pursuant to the Federal Tort Claims Act in the United States Court of Federal Claims. The case was transferred to this district. Plaintiff claims he was denied due process in connection with his confinement in the Special Housing Unit ("SHU"). The magistrate judge found that Plaintiff has not stated a claim cognizable under the Federal Tort Claims Act.

In his objections to the report and recommendation, Plaintiff does not dispute the magistrate judge's findings and recommendation but requests leave to file an amended complaint to bring his action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). This request presents some difficulties. A *Bivens* action is a suit against a defendant in

his or her individual capacity.  Personal jurisdiction over defendants in their individual capacities is necessary to maintain a *Bivens* action.  *Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990).

In the instant complaint, Plaintiff names John M. Vanyur, former assistant director of the Bureau of Prison's correctional programs in Washington, D.C. as the responsible party concerning his confinement.  Presumably, he would be named again in an amended complaint.  This court would lack jurisdiction over Vanyur.

Even an amended complaint would not state a cause of action.  An inmate must show that segregation imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997).  (Deft.'s Reply Brief at 4.)  Plaintiff's detention did not amount to a constitutional violation.

Since an amended complaint would be futile in that it would not state a claim, dismissal without leave to amend is justified.  *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiff's motion for leave to amend his complaint is denied.

2) The court adopts the report and recommendation of Magistrate Judge Smyser.

3) Defendant's motion for summary judgment is granted.

4) The clerk of court is directed to enter judgment in favor of Defendant and against Plaintiff and close the file.

      5) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                    s/Sylvia H. Rambo  
                                                    SYLVIA H. RAMBO  
                                                    United States District Judge

Dated: April 2, 2008.